## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MONTANA
## GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 15-82-GF-BMM |
| Plaintiff, | **ORDER** |
| vs. | |
| AMANDA MIKHA CHERI ST. MARKS, | |
| Defendant. | |

This case was referred to United States Magistrate Judge John Johnston for a revocation hearing and findings and recommendations. Judge Johnston entered his findings and recommendations on August 17, 2017. Defendant admitted that she had violated the conditions of her supervised release: 1) by submitting a urine sample that tested positive for methamphetamine; 2) by failing to report for substance abuse treatment; 3) by using methamphetamine; 4) by consuming alcohol; and 5) by failing to complete substance abuse treatment. Judge Johnston found the admissions sufficient to establish the alleged supervised release violations. Judge Johnston recommended that this Court revoke Defendant's supervised release and commit her to the custody of the United States Bureau of Prisons for a term of imprisonment of four months, with 32 months of supervised release to follow. Judge Johnston further recommended that the term of supervised

release include six months at a Residential Reentry Center.

Defendant filed a timely objection. (Doc. 114). Defendant objects to the term of supervised release recommended by Judge Johnston. Defendant argues that her term of supervised release should be reduced from 32 months to 30 months because she was in federal custody for a two month period from May 3, 2017 through July 2, 2017, while she was awaiting placement at the Montana Chemical Dependency Center. (Doc. 114 at 3-4).

The Court reviews *de novo* findings and recommendations to which a defendant objects. 28 U.S.C. § 636(b)(1). Findings and recommendations to which no objection is made are reviewed for clear error. *McDonnell Douglas Corp. Commodore Bus. Mach, Inc.,* 656 F.2d 1309, 1319 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Johnston's Findings and Recommendations.

This Court agrees with Judge Johnston's findings. Defendant admitted that she had violated the conditions of her supervised release. Defendant could be incarcerated for up to 36 months, followed by 60 months of supervised release less any custody time imposed. The United States Sentencing Guidelines call for a term of imprisonment of three to nine months. A sentence of four months in custody, followed by 32 months of supervised release is appropriate. The sentence

is sufficient but not greater than necessary. The Bureau of Prisons will likely give the Defendant credit for the time she spent in federal custody from May 3, 2017 through July 2, 2017. A six month placement in a Residential Reentry Center will help the Defendant find employment and develop life skills, and it will provide Defendant the support and structure needed to address her substance abuse problem.

IT IS ORDERED that Judge Johnston's Findings and Recommendations (Doc. 114) are ADOPTED in full and Judgment shall be entered accordingly.

DATED this 11th day of September, 2017.

Brian Morris
United States District Court Judge