# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# GREAT FALLS MONTANA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>AMANDA MIKHA CHERI ST. MARKS,<br><br>Defendant. | Case No. CR 15-82-GF-BMM<br><br>ORDER |

Defendant Amanda Mikha Cheri St. Marks moves the Court to reduce her sentence and seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i) in light of the COVID-19 outbreak. Defendant pleaded guilty to Bank Employee Fraud on February 8, 2016. (Doc. 37.) The Court sentenced Defendant to 7 days of custody, followed by 3 years of supervised release. Her current term of supervised release began on September 17, 2019. (Doc. 156 at 2.)

The United States Probation Office filed a Petition to revoke Defendant's supervised release on December 26, 2019. This Court held a revocation hearing before Magistrate Judge Johnston on June 2, 2020. At the hearing, Defendant admitted that she had violated the conditions of her supervised release by failing to

notify the probation office of a change in her residence. Judge Johnston found that Defendant's violation warranted revocation and recommended that Defendant receive a custodial sentence until September 30, 2020, with no supervised release to follow. (Doc. 165.) This Court adopted in full Judge Johnston's Findings and Recommendations and entered Judgment accordingly on June 4, 2020. (Doc. 167.) Defendant filed her Motion to Reduce Sentence on September 14, 2020, requesting that this Court reduce Defendant's sentence to time served.

After considering the sentencing factors in 18 U.S.C. § 3553(a), the Court may reduce Defendant's sentence if "extraordinary and compelling reasons warrant such a reduction."  18 U.S.C. § 3582(c)(1)(A)(i); *see also* U.S.S.G. § 1B1.13(1)(A).  Any reduction must be consistent with the corresponding policy statement in the Sentencing Guidelines.  *See* 28 U.S.C. § 994(a)(2)(C), (t); U.S.S.G. § 1B1.13(3) (Nov. 1, 2018).[1]  A defendant's medical condition may constitute an "extraordinary and compelling reason." *See* U.S.S.G. § 1B1.13 cmt. n.1(A). Defendant must also show that she "is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Section 3142(g) requires the Court to consider, among other things,

---

[1] The Court disregards the guideline's statements requiring a motion from the Director of the Bureau of Prisons because that requirement is now "contrary to the statute." *Chevron, U.S.A., Inc. v. Natural Resources Defense Council, Inc.*, 467 U.S. 837, 844 (1984); 18 U.S.C. § 3582(c)(1)(A) (authorizing court to act "upon motion of the defendant"); First Step Act of 2018, Pub. L. No. 115-391, tit. VI, § 603(b)(1), 132 Stat. 5194, 5239 (Dec. 21, 2018); *United States v. Wong*, 2 F.3d 927, 929–30 (9th Cir. 1993).

"the nature and circumstances of the offense" of conviction and "the history and characteristics of the person, including . . . the person's character [and] physical . . . condition." 18 U.S.C. § 3142(g)(1), (3)(A).

Defendant tested positive for COVID-19 on September 8, 2020. She will have recovered from the virus by September 21, 2020. The absence of quarantine space for individuals who have tested positive for COVID-19 and contact with the untested population of the Cascade County Regional Detention Facility impose additional, unnecessary health risks which would be minimized by Defendant's early release upon her recovery from the virus. Defendant is not a danger to the safety of any person or to the community, and the factors set forth in 18 U.S.C. § 3553(a) weigh in favor of Defendant's release from custody; however that release shall occur no earlier than 12:00 p.m. on September 21, 2020.

Accordingly, **IT IS HEREBY ORDERED**:

1. Defendant's motion for compassionate release under 18 U.S.C. § 3582(c)(1)(A) (Doc. 169) is **GRANTED**.

2. As of 12:00 p.m. on September 21, 2020, Defendant's previously imposed sentence term of custody until September 30, 2020, is **REDUCED** to time served.

DATED this 17th day of September, 2020.

Brian Morris, Chief District Judge
United States District Court